IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DIMAS APODACA**,

    Plaintiff,

v.                                                                                                             No. CV 09-0947 MV/CG

**SHERIFF DARREN WHITE;
RONALD C. TORRES; AND
BERNALILLO COUNTY DETENTION CENTER,**

    Defendants.

**THIRD ORDER TO CURE DEFICIENCY**

THIS MATTER is before me on pro se Plaintiff Dimas Apodaca's second *Motion for Leave to Proceed In Forma Pauperis* ("IFP") filed pursuant to 28 U.S.C. § 1915 on November 9, 2009 [Doc. 6]; and on his *Petition for Court Date*, filed November 9, 2009 [Doc. 7]. Apodaca was incarcerated when he filed his civil-rights Complaint, but was released soon thereafter, and I issued a cure-defect Order requiring him to file a non-prisoner IFP application. *See* Doc. 5. Because at the time he filled out his second IFP application, Apodaca apparently had not had sufficient time to find a job, he states that he has no income and no assets, but also that he has no living expenses. The application still does not contain adequate information to allow determination of Apodaca's current financial condition. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (stating that a party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life"). I conclude that permission to proceed IFP should be conditionally granted and that Apodaca should file an amended IFP application.

When ruling on a motion to proceed IFP, the Court must "review the affidavit and screen [the applicant's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d

1309, 1311 (10th Cir. 2005). Upon reviewing his Complaint, I also conclude that Apodaca must amend his Complaint and that his motion requesting a court date is premature.

## I.   Applicable legal standards.

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. But even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is mandatory).

In screening the Complaint under § 1915(e)(2)(B)(ii), I resolve the issue whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Tenth Circuit Court of Appeals has set forth the following standards that district courts should apply in resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of Civil Procedure in a § 1983 cause of action.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:

> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (applying *Bell Atlantic Corp. v. Twombly* in a case brought under § 1983). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth" and disregards them. *Id.* at 1951. Then it "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 1949. In reviewing the Complaint, the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

**II.     Analysis**

Apodaca alleges generally that he suffered mental and emotional damages because he was not allowed 5 hours of exercise time in a 7-day period while he was in segregation level 6 at BCDC, in violation of BCDC policy and his constitutional rights. *See* Complaint at 3 and Ex. C. But he

does not state when the violations occurred, how often they occurred, or who refused to allow him out of his cell in violation of BCDC policy. He has attached copies of grievances, some of which are illegible. Although one of the grievances has Defendant Torres' name on it, *see id.* Ex. B, Apodaca does not make any allegations in his Complaint to show how either Torres or Sheriff White were personally involved in the alleged violations - he apparently improperly seeks to hold them liable solely on his theory that they are ultimately responsible for running the detention center. *See Pierce v. Amaranto*, No. 07-7094, 276 Fed. Appx. 788, 791, 2008 WL 1931558, *2 (10th Cir. May 1, 2008) ("Section 1983 does not create a general *respondeat superior* liability for government officials."). To state a claim for violation of his Eighth-Amendment rights against prison supervisors, an inmate must set forth facts regarding two components. First he must set forth facts regarding an "objective component" demonstrating that "he [was] incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970). But liability for an alleged Eighth-Amendment violation requires "more than ordinary lack of due care for the prisoner's interests or safety," *Whitley v. Albers*, 475 U.S. 312, 319 (1986), so the inmate must also set forth facts regarding a subjective component. "To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks and citations omitted). Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *Martinez v. Beggs,* 563 F.3d 1082, 1089 (10th Cir. 2009) ("The question is: were the symptoms such

that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?") (internal quotation marks omitted).

Because Apodaca has not set forth *any* facts regarding Defendants Torres' and White's personal participation or personal knowledge, he must amend his Complaint or the claims against these Defendants must be dismissed.

Further, Apodaca's Complaint and attachments seem to indicate that he may be challenging the *type* of activity he was allowed to engage in when out of his cell instead of a complete absence of out-of-cell opportunity. For example, Apodaca sets out definitions of "exercise" and "recreation" in his Complaint and indicates he was not allowed the time out of his cell for those activities in violation of BCDC policy. *See* Complaint at 3. He has also attached a grievance in which prison officials state, "It has been verified that you have been receiving your 5 hours in a 7-day period per policy." Doc. 7, Att. 1. Without a sufficient showing demonstrating cruel and unusual punishment, Apodaca cannot state an Eighth-Amendment claim.

Apodaca complains of having been reclassified to a higher segregation level in violation of BCDC policy. *See id.* But the Supreme Court has held that it does not violate the constitution for a prison to place an inmate in segregated confinement in violation of its prison regulations because segregation does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). And although Apodaca alleges that unnamed "authorities" "retaliated against" him in a paragraph mentioning segregation, *see* Complaint at 4, it is not clear when the alleged events occurred, who retaliated against him, or why. The grievances he attaches to his Complaint indicate that they were all filed *after* his reclassification in July 2009, therefore his reclassification could not have been in retaliation for complaining that he was not being allowed out of his cell. In short, Apodaca must file an

amended Complaint clearly setting forth "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**IT IS ORDERED** that Apodaca's Motion to Proceed IFP [Doc. 6] is conditionally GRANTED and that his previous motion [Doc. 3] is DENIED as moot; that his Petition for Court Date [Doc. 7] is DENIED as premature; and that Apodaca shall file an amended IFP application showing his current income and expenses and an amended Complaint within twenty days of the filing of this Order.

_____
UNITED STATES MAGISTRATE JUDGE