IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DIMAS APODACA,

Plaintiff

v.                                              CIV 09-0947 MV/CG

SHERIFF DARREN WHITE, et al.,

Defendants.


# PROPOSED FINDINGS
# &
# RECOMMENDED DISPOSITION
# PER SUGGESTION OF DEATH

This matter is before the Court following a telephone call.  The Court has been

attempting to complete its review under 28 U.S.C. § 1915 since October 2009.  On July

12, 2010, I entered an order asking Plaintiff to show cause why this case should not be

dismissed for lack of prosecution, due to his failure to submit financial information and

an amended complaint as I requested.  *See Docs. 9, 10.*  On July 15, 2010, I was

advised by my courtroom deputy that the Court received a voicemail message from a

woman who identified herself as Plaintiff's mother, noted that she is receiving his mail,

and said that Plaintiff has died.

This is a *pro se* action for damage under 42 U.S.C. § 1983 for allegedly

unconstitutional conduct by prison officials when Plaintiff was incarcerated.  Although he

brought the action while he was incarcerated, he was released a few days later.  *See Docs. 1, 4, 6.*  Plaintiff's complaint asserted an Eighth Amendment claim because he was "not allowed 5 hours of exercise time in a 7-day period while he was in segregation," *Doc. 9* at 3, but he did "not state when the violations occurred, how often they occurred, or who refused to allow him out of his cell in violation of BCDC policy," *id.* at 4, and so, did not show the necessary personal participation or knowledge by any defendant, *id.* at 4-5.  As for his claim of "retaliation," it was not clear from the original complaint "when the alleged events occurred, who retaliated against him, or why."  *Id.* at 5.  His complaints about being "reclassified to a higher segregation level in violation of BCDC policy" failed to state a claim.  *Id.*

Under FED. R. CIV. P. 25(a), "[i]f a party dies and the claim is not extinguished," this Court is permitted to order substitution of "the proper party."  To determine whether a § 1983 claim is "extinguished," this Court must first look to state law because "[s]urvival of § 1983 actions after a plaintiff's death is governed by state law, as long as the state law is 'not inconsistent with the Constitution and laws of the United States.'" *Medina v. Pacheco,* 1998 WL 647784 at * 4 (10th Cir. 1998) (unpublished) (quoting *Robertson v. Wegmann,* 436 U.S. 584, 588-90 (1978), and also citing *Hopkins v. Oklahoma Public Employees Retirement System,* 150 F.3d 1155, 1159(10th Cir. 1998) and 42 U.S.C. § 1988(a)).

When the decedent is a plaintiff, the New Mexico survival statute provides that: "'[i]n addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person

entitled . . . to the same.'"  *Id.* at * 5 (quoting N.M. STAT. ANN. § 37-2-1 (1978)).  As in

*Medina,* because Plaintiff's claims are not among those listed in the statute, "we must

look to common law to see if they survive."  *Id.*

In *Medina,* the Tenth Circuit agreed that certain § 1983 claims were properly

characterized as "intentional," stating that the conduct underlying the claims does

> not have to be intentional (e.g., driving a police car in a chase with
> reckless indifference and injuring a bystander or recklessly seizing the
> wrong person pursuant to a warrant).  Section 1983 claims based on
> unintentional actions would be most closely analogous to
> negligence-based torts for survivability purposes.  ***The actions alleged to
> be in violation of § 1983 in this case, however, were intentional:   the
> removal and transportation of the children.  Therefore, the closest
> analogy would be to intent-based torts.***

*Medina,* 1998 WL 647784 at * 5 (emphasis added).  Here, by definition, the claims here

would not be actionable under § 1983 if based on negligence or unintentional acts.  I

also find that the most analogous tort would be an "intent-based" tort.

Prison officials cannot be held liable under the Eighth Amendment for negligence,

gross negligence, or even recklessness as that term is typically defined in civil cases.

Instead, the defendant must be subjectively aware of the alleged harm and disregard it.

*E.g.,  Farmer v. Brennan,* 511 U.S. 825, 836-37 & n.4 (1994).  Thus, the only conduct

that will satisfy the Eighth Amendment "deliberate indifference" test lies well on the

"intentional" side of the tort spectrum.

Likewise, construed liberally and taken in context of the other allegations and the

attachments to the original complaint, I believe it is fairly clear that the alleged retaliation

was in response to Plaintiff filing grievances about his being placed in segregation.  *See*

*Doc. 1* at 4 ("retaliated against [me] upon formal complaints, grievances (attached as

exhibits A, B, C)") (other grammatical changes also supplied for clarity); *see also id.* at

9-11 (grievances marked Exhibits A through C).  "'[I]t is well established that "[p]rison

officials may not retaliate against or harass an inmate because of the inmate's exercise

of his right of access to the courts.'"  *Mallard v. Thomlinson,* 206 Fed. App'x 732, 272

(10th Cir. 2006) (quoting *Green v. Johnson,* 977 F.2d 1383, 1389 (10th Cir. 1992)).  But,

to prove this sort of retaliation, among other things, Plaintiff must show causation.  "A

prisoner claiming retaliation for exercising First Amendment rights must show that a

retaliatory motive was the but-for cause of the challenged adverse action."  *Strope v.*

*McKune,* 2010 WL 2332079 (10th Cir. 6/11/10) (citing *Peterson v. Shanks,*  149 F.3d

1140, 1144 (10th Cir. 1998) and noting *Mallard*'s application of the "sufficient adversity"

element in the prison context).  Because a retaliatory motive on the part of defendant is

an essential element of proof, I also find that § 1983 retaliation claim lies well on the

"intentional" side of the tort spectrum.

In *Medina,* the Tenth Circuit concluded that although negligence torts claims do

survive the death of the Plaintiff, intentional torts do not.  It so concluded based on the

New Mexico Court of Appeals decision in *Rodgers* and what it believed the New Mexico

Supreme Court would have decided if the issue were before it.  *Id.* & n 10 (citing

*Rodgers v. Ferguson,* 89 N.M. 688, 556 P.2d 844, 846-48 (Ct. App. 1976)).  Fairly

recently, the Tenth Circuit refused a request to certify the question to the New Mexico

Supreme Court to and reaffirmed the conclusion it reached in *Medina.  Oliveros v.*

*Mitchell,* 449 F.3d 1091, 1093-94 (10th Cir. 2006).  I have found no New Mexico

Supreme Court decision, before or after *Medina* and *Oliveros,* that holds otherwise.

Because Plaintiff's claims do not survive his death, this Court would not have the

authority under Rule 25(a) to substitute another party as his "successor or representative," even if someone were to file a timely motion for substitution.  See FED. R. CIV. P. 25(a) ("A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by . . . the decedent must be dismissed.").

Wherefore,

**IT IS HEREBY RECOMMENDED** that this action be dismissed without prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

UNITED STATES MAGISTRATE JUDGE